**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SYLVIA NICOLE,<br><br>    Appellant,<br><br>    v.<br><br>T2M INVESTMENTS, LLC,<br><br>    Appellee. | No. 1:24-cv-00562-JLT<br>BAP No. EC-24-1032<br>Bk. No. 21-10679<br>Adv. No. 21-01015<br><br>ORDER DENYING RENEWED MOTIONS TO APPOINT COUNSEL<br>(Docs. 7, 6.)<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS ON THIS APPEAL<br>(Doc. 8)<br><br>ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO SUBMIT APPELLATE RECORD<br>(Doc. 9) |

Sylvia Nicole appeals a decision entered by the U.S. Bankruptcy Court for the Eastern District of California in Case No. 21-10679 - Adversary Case No. 21-01015-A. The appeal, initiated May 10, 2024 (*see* Doc. 1), is not yet ripe for decision.

Prior to noticing this appeal, Ms. Nicole filed a motion to appoint counsel in the underlying adversary proceeding, which the Bankruptcy Court transferred to the undersigned for resolution because it is unclear whether the Bankruptcy Court has authority to address such a motion. (Doc. 3.) As the Bankruptcy Court indicated in its order transferring the motion (*Id*. at 1), the authority for this Court to appoint counsel for an indigent litigant is set forth in 28 U.S.C.

1

§ 1915(e)(1), but the Court may do so only in "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Sariol v. Fitzgerald*, No. C16-0835JLR, 2016 WL 8808819, at *1 (W.D. Wash. June 27, 2016) (applying "exceptional circumstances" standard to request for counsel in bankruptcy appeal to district court). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970. Finding that "Ms. Nicole has made no showing as to the merits of her case or why she is unable to articulate her claims *pro se*," the undersigned denied her initial motion to appoint counsel on June 17, 2024. (Doc. 5.)

That same day, Ms. Nicole filed another motion to appoint counsel along with what appeared to be a request to waive fees related to this appeal. (Doc. 6.) She subsequently filed separate motions for appointment of counsel (Doc. 7) and to proceed in forma pauperis in this appeal. (Doc. 8.)

As to her renewed request for the appointment of counsel at the Court's expense, the request is again unsupported by any showing as to why she is likely to succeed on the merits of her claims. Therefore, the request is again **DENIED**. Further repetitive motions of this nature will be summarily terminated.

As to her request to proceed in forma pauperis in relation to this appeal, that request is **GRANTED**. Ms. Nicole has represented, under penalty of perjury, that her income is $1,182.94 per month or $14,195.28 per year. Even before deducting her claimed expenses,[1] this puts Ms. Nicole's income below the federal poverty level[2], which is one factor the Court may look to in evaluating requests to waive Court fees in bankruptcy appeals. *See In re Golden*, No. 18-CV-2089 TWR (NLS), 2020 WL 7056166, at *2 (S.D. Cal. Dec. 2, 2020),

Ms. Nicole has also filed a request for an extension of time to file the certificate of record (Doc. 9). Given that Ms. Nicole had motions requesting appointment of counsel pending until this

---

[1] The Court notes that Ms. Nicole somewhat confusingly claims to be homeless (Doc. 6 at 2) and to be paying $650 a month for rent. (Doc. 8. at 6.)

[2] *Poverty Guidelines*, U.S. Dept. of Health and Human Services, available at: https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines (last visited Aug. 2, 2024).

order, this request is **GRANTED**. The deadline for the Bankruptcy Certificate of Record is continued to August 30, 2024.

IT IS SO ORDERED.

Dated:   **August 2, 2024**

UNITED STATES DISTRICT JUDGE