UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA NICOLE,<br><br>　　　　Appellant,<br><br>　　v.<br><br>T2M INVESTMENTS, LLC,<br><br>　　　　Appellee. | Case No.: 1:24-cv-00562 - JLT<br><br>ORDER TO SHOW CAUSE FOR FAILURE TO PROSECUTE/DESIGNATE RECORD ON APPEAL<br><br>*21 Day Deadline* |

Pending before the Court is *pro se* Appellant Sylvia Nicole's Notice of Appeal from the United States Bankruptcy Court for Eastern District of California, Case No. 21-10679-Adversary Case No. 21-01015-A. Since filing Notice, Appellant has failed to designate the record on appeal pursuant to Federal Rule of Bankruptcy Procedure 8006. Appellant now risks dismissal for failure to prosecute the appeal and failure to comply with the Court Order (Doc. 10). Accordingly, the Court **ORDERS** Appellant to show cause as to why the pending appeal should not be dismissed.

## PROCEDURAL HISTORY

On May 10, 2024, Appellant filed a Notice of Bankruptcy Appeal (Doc. 1), and the appeal was assigned to this Court on May 13, 2024 (Doc. 2). On June 13, 2024, the Bankruptcy Deputy Clerk issued Notice of Incomplete or Delayed Record (Doc. 4) informing Appellant "the record for purposes of is appeal incomplete" and the following items had not been filed: Designation of Record, Statement

of Issues, Reporter's Transcript; and Notice Regarding the Transcript.[1] (*Id.*)

Before filing Notice of Appeal, Appellant filed a "motion for appointment of counsel and a motion for extension of time to file the opening brief"[2] with the United States Bankruptcy Appellate Panel of the Ninth Circuit. The BAP issued an Order Transferring Motion to Appoint Counsel to District Court for Determination (Doc. 7), stating "[O]ur authority to appoint counsel under 28 U.S.C. § 1915(e) is doubtful. If the Panel had clear authority to appoint counsel, we would not appoint counsel. Appellant has not demonstrated that this appeal presents exceptional circumstances as required under Ninth Circuit authority." (Doc. 7 at 1.) In addition, BAP ordered Appellant to file a status report indicating the steps the District Court had taken in determining the motion by June 20, 2024. On June 17, 2024, this Court issued an Order **denying** Appellant's Motion to Appoint Counsel (Doc. 5) for reasons expressed by the BAP, "Ms. Nicole has made no showing as to the merits of her case or why she is unable to articulate her claims *pro se*. To the contrary, the 'statement of issues' attached to the request for counsel, which is 23 items long, is clearly articulated and detailed." (*Id.* at 2 (*citing Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).) Appellant then filed an Application to Waive Fees and for Appointment of Counsel (Doc. 6), a second Motion to Appoint Counsel (Doc. 7), and a Motion to Proceed In Forma Paupers (Doc. 8).[3] The Court's Order (Doc. 5) was returned as undeliverable on June 26, 2024. (*See* Docket.)

On July 12, 2024, Appellant filed a Motion for Extension of Time to File Designation Record on Appeal requesting an extension of **ten (10) days** due to "health an attorney's issues." (Doc. 9 at 1.) The Court issued an Order (Doc. 10), on August 2, 2024, **denying** Appellant's renewed Motions to Appoint Counsel (Docs. 6,7), **granting** Motion to Proceed IFP, and **granting** Request for Extension of Time to Submit Appellate Record. (Doc. 10.) The Court designated **August 30, 2024**, **as the new deadline** for the Bankruptcy Certificate of Record. (*Id.* at 3.) Again, the Court's Order was returned as undeliverable. (*See* Docket.) Appellant finally filed a Notice of Change of Address on August 22, 2024, and the Court re-serviced the August Order (Doc. 10). Appellant remains silent and has not

---

[1] Appellant was also informed the Filing Fee had not been paid.
[2] According to the United States Bankruptcy Appellate Panel of the Ninth Circuit's Order, Appellant filed its motion on April 22, 2024.
[3] Appellant filed ECF Documents 6-8 between June 17, 2024 – June 20, 2024.

2

designated a record for appeal.

Federal Rule of Bankruptcy Procedure 8006 requires an appellant, within ten days of filing the notice of appeal from an adverse decision by the United States Bankruptcy Court, to file with the bankruptcy court clerk and serve on the appellee "a designation of the items to be included in the record on appeal and a statement of the issues to be presented . . .."  Compiling the record is "mandatory, not optional."  *In re Goetz*, No. C-07-06364RMW, 2008 WL 3068954, *1 (N.D. Cal. 2008) (*quoting In re McCarthy*, 230 B.R. 414, 417 (9th Cir. BAP 1999)).  A failure to comply with Bankruptcy Rule 8006 and prosecute the appeal subjects the appellant to dismissal and "such action as the district or bankruptcy court deems appropriate."  Fed. R. Bankr. P. 8001; *see also In re Gelso Investments V, LLC*, No. C 03-0312 SI, 2003 WL 22282346, at *2 (N.D. Cal. 2003), *aff'd*, 127 Fed. App'x 916 (9th Cir. 2005).  The District Court may dismiss an appeal for lack of prosecution to prevent undue delays and docket congestion.  *In re Gelso*, 2033 WL 22282346, at *2.  "Failure to compile and transmit the record prevents the appellate court from exercising its function" and justifies dismissal of the appeal.  *In re Goetz*, 2008 WL 3068954, at *1 (citing *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991)).  Nevertheless, the Court understands a procedural violation of Bankruptcy Rules, without more, is an insufficient basis for dismissal.  *See In re Gelso*, 2003 WL 22282346, at *2 (*citing In re Fitzsimmons,* 920 F.2d 1468, 1472 (9th Cir. 1989)).  According to well-established rules and precedent, Appellant is **ORDERED** to show cause why the appeal should not be dismissed.

///
///
///
///
///
///
///
///
///

**CONCLUSION**

Despite the Court's Order (Doc. 10) and granting the requested extension for time to file the appeal record, Appellant Sylvia Nicole has not designated a record for appeal.  Therefore, the Court **ORDERS:**

1. **<u>Within 21 days</u>**, Appellant **SHALL** show cause in writing why the pending bankruptcy appeal should not be dismissed due to her failure to prosecute this action as ordered by the Court and as required by the Federal Rules of Bankruptcy Procedure.

Appellant is warned that failure to timely respond to this Order to Show Cause may result in dismissal of this appeal without further notice.

IT IS SO ORDERED.

Dated:   **October 2, 2024**

_____
UNITED STATES DISTRICT JUDGE