UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA NICOLE,<br><br>    Appellant,<br><br>v.<br><br>T2M INVESTMENTS, LLC,<br><br>    Appellee. | No. 1:24-cv-00562-JLT<br>BAP No. EC-24-1032<br>Bk. No. 21-10679<br>Adv. No. 21-01015<br><br>ORDER DENYING THIRD MOTION TO APPOINT COUNSEL<br><br>(Doc. 19.) |

Sylvia Nicole appeals a decision entered by the U.S. Bankruptcy Court for the Eastern District of California in Case No. 21-10679 - Adversary Case No. 21-01015-A. The appeal, initiated May 10, 2024 (*see* Doc. 1), is not yet ripe for decision.

Prior to noticing this appeal, Ms. Nicole filed a motion to appoint counsel in the underlying adversary proceeding, which the Bankruptcy Court transferred to the undersigned for resolution because it is unclear whether the Bankruptcy Court has authority to address such a motion. (Doc. 3.) As the Bankruptcy Court indicated in its order transferring the motion (*Id*. at 1), the authority for this Court to appoint counsel for an indigent litigant is set forth in 28 U.S.C. § 1915(e)(1), but the Court may do so only in "exceptional circumstances." *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *see also Sariol v. Fitzgerald*, No. C16-0835JLR, 2016 WL 8808819, at *1 (W.D. Wash. June 27, 2016) (applying "exceptional circumstances" standard to request for counsel in bankruptcy appeal to district court). "When determining whether

1

exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Palmer*, 560 F.3d at 970; *see also Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (explaining that "any difficulty [Appellant] experienced in attempting to litigate his case [must be] derived from the complexity of the issues involved"). "Neither of these considerations is dispositive and instead must be viewed together." *Id.* (internal citation omitted)

Finding that "Ms. Nicole has made no showing as to the merits of her case or why she is unable to articulate her claims *pro se*," the undersigned denied her initial motion to appoint counsel on June 17, 2024. (Doc. 5.) That same day, Ms. Nicole filed another motion to appoint counsel along with what appeared to be a request to waive fees related to this appeal. (Doc. 6.) She subsequently filed separate motions for appointment of counsel (Doc. 7) and to proceed in forma pauperis in this appeal. (Doc. 8.) The Court denied Ms. Nicole's section request for appointment of counsel as "unsupported by any showing as to why she is likely to succeed on the merits of her claims." (Doc. 10.)

On March 6, 2025, Ms. Nicole filed a third motion to appoint counsel. (Doc. 19.) Therein, she argues that she "will win" the appeal for the following reasons:

> a. The Appellee and its witnesses committed fraud and perjury intentionally on the Bankruptcy Court during the 3 days trial.
>
> b. This is an on-going mortgage fraud and abuse case, but the Bankruptcy Court did ·not address the Appellant's Mortgage Fraud Cause of Action in the complaint for the reason stated on the record that it is for the criminal court to address the issue.
>
> c. As a result, there were 2 completely different and opposite interpretations of the written Settlement Agreement: one interpretation by the Appellant and one interpretation by the Appellee.
>
> d. Many issues were not resolved by the bankruptcy court: total of 23 issues, because the Appellee had 2 attorneys to represent it, and the Appellant did not have any attorney to represent her.
>
> e. As a result, the bankruptcy court chose to believe the Appellee's testimonies are credible over the Appellant's testimonies, even though her testimonies aligned with the written Settlement Agreement's terms and requirements.
>
> f. Such a decision had caused errors in court judgment and order by

> the Bankruptcy Court against the Appellant.
>
> g. This court is the proper court to address the appeal; and by law and for justice, the bankruptcy court's judgment or order for this case should be reversed.
>
> h. Furthermore, this case is also about on-going process abuse by the Appellee's attorneys, namely story fabrications and exaggerations under penalty of perjury against the Appellant.
>
> 1. The Appellant is entitled to relief under 42 U.S.C. Section 1983 against the Appellee and its attorneys with respect to her property ownership rights, right to due process of the law and right to equal protection under the law which was denied by the Bankruptcy Court due to the Appellee's and its attorneys' illegal conduct.
>
> J. The existing emails, court documents on file, as well as trial's court transcripts listed in the docket contain evidence to support the Appellant's above claims.

(Doc. 19 at 3.) These assertions are entirely conclusory at this stage. The Court has nothing before it with which it could possibly determine, even preliminarily, whether Appellees committed fraud on the Bankruptcy Court; why the Bankruptcy Court failed to address certain issues raised, let alone whether that was improper; how Ms. Nicole's interpretation of the mentioned Settlement Agreement is relevant to this appeal, nor whether her interpretation of it is correct; and so on. Even, assuming these assertions demonstrated some likelihood of success, the record still does not demonstrate that Ms. Nicole is unable to present her arguments pro se considering the complexity of the record. She appears to be able to articulate various theories underpinning her appeal. For all these reasons, the Court again declines to exercise its discretion to appoint counsel in this case.

IT IS SO ORDERED.

Dated: __March 10, 2025__

_____
UNITED STATES DISTRICT JUDGE

3