UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA NICOLE,<br><br>　　　　　Appellant,<br><br>　　v.<br><br>T2M INVESTMENTS, LLC,<br><br>　　　　　Appellee. | No. 1:24-cv-00562-JLT<br>BAP No. EC-24-1032<br>Bk. No. 21-10679<br>Adv. No. 21-01015<br><br>ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE |

Sylvia Nicole appeals a decision entered by the U.S. Bankruptcy Court for the Eastern District of California in Case No. 21-10679 - Adversary Case No. 21-01015-A. The appeal, initiated May 10, 2024 (*see* Doc. 1), is not yet ripe for decision.

Prior to noticing this appeal, Ms. Nicole filed a motion to appoint counsel in the underlying adversary proceeding, which the Bankruptcy Court transferred to the undersigned for resolution because it is unclear whether the Bankruptcy Court has authority to address such a motion. (Doc. 3.) That motion to appoint counsel was denied (Doc. 5), as was a similar, subsequent motion. (Doc. 10.) A third motion to appoint counsel was denied on March 11, 2025. (Doc. 20.)

It appears that Ms. Nicole took certain steps in June 2024 to satisfy the prerequisites for the Bankruptcy Court to certify the record for this appeal, filing a designation of record and statement of issues in the docket of the adversary case on appeal. (*See* E.D. Cal. Bankruptcy Case

1

No. 21-01015, Doc. Nos. 602, 604, 607.) However, as the opening letter in this appeal indicates, she must also "file a notice regarding the ordering of transcripts with the bankruptcy court" (*see* Doc. 2), which may be satisfied by filing a copy of a written order requesting transcripts from the reporter or "a certificate stating that the appellant is not ordering a transcript." *See* Fed. R. Bank. Pro. 8009(b).

On April 4, 2025, the Court ordered Ms. Nicole to address any deficiencies in her compliance with Bankruptcy Rule 8009 within 14 days "by making appropriate filings <u>on the bankruptcy adversary case docket</u>." (Doc. 21 at 2 (emphasis in original).) Ms. Nicole was also ordered to "file a brief statement within 14 days <u>in this case</u> indicating that she has made appropriate filings with the bankruptcy court **OR** explain in writing why she cannot do so." (*Id.*) Ms. Nicole was warned that failure to comply with or respond to this order in a timely manner may result in dismissal of this case for failure to prosecute. (*Id.*) As of the date of this order, more than 14 days have passed, and Ms. Nicole has not filed any document with the bankruptcy court in response to the Court order nor has she communicated with the Court in any other way.

Federal Rule of Civil Procedure 41(b) grants the Court authority to sua sponte dismiss actions for failure to prosecute or failure to comply with court orders. *See also Wolff v. California*, 318 F.R.D. 627, 630 (C.D. Cal. 2016). However, because "dismissal is a harsh penalty, . . . it should only be imposed in extreme circumstances." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992.) In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik*, 963 F.2d at 1260–61). Dismissal is warranted when "at least four factors support dismissal" or "where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). The five-factor test applies in the bankruptcy context. *See, e.g., Moore v. PHH Mortg. Corp.*, 2021 WL 6103114, at *1 (9th Cir. Dec. 22, 2021) (summarily affirming dismissal of bankruptcy appeal after the appellants failed to

file an opening brief by the deadline set by the court); *In re Flowers*, 716 F. App'x 657, 658 (9th Cir. 2018) (same); *In re Zavala*, 699 F. App'x 751 (9th Cir. 2017) (same); *In re Lou*, 116 F.3d 1486 (9th Cir. 1997) (affirming sua sponte dismissal of bankruptcy appeal after the appellant waited 49 days to designate the record on appeal, to file a statement of issues, and to file a notice of transcripts); *In re Marsh*, 19 F. App'x 727 (9th Cir. 2001) (affirming dismissal of appeal for an 109-day delay in designating the record on appeal).

This appeal was filed May 10, 2024. (Doc. 1.) The opening letter was issued on May 13, 2024, which contained information about how to perfect the appeal. (Doc. 2.) On October 2, 2024, the Court issued an order to show cause addressing Appellant's failure to designate the record on appeal. (Doc. 12.) Appellant responded to that order on December 23, 2024, explaining that she had not been receiving her mail and misunderstood certain aspects of the relevant procedures. (Doc. 15.) On January 16, 2025, the Court discharged the October 2, 2024, order to show cause. (Doc. 18.) Thereafter, Appellant filed her third request for the Court to appoint counsel. (Doc. 19), which the Court denied on March 11, 2025. (Doc. 20.) Apart from filing that third request for Counsel, Appellant has taken no substantive steps to prosecute this appeal in 2025. As mentioned, the Court ordered Appellant to take the final steps necessary to perfect her appeal by filing a notice regarding the ordering of transcripts by April 18, 2025. (Doc. 21.) Appellant failed to respond.

Non-compliance with procedural rules and court orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. Under these circumstances, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—both of which relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending" *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980), weigh in favor of dismissal.

Appellant's unexplained delay has also prejudiced Appellees, as it impedes their ability to recover in the underlying bankruptcy case because of the pendency of the appeal. *See Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon

3

which a court may presume prejudice."). While "the pendency of the [appeal] is not sufficiently prejudicial by itself to warrant dismissal," a court should evaluate the "strength of [a litigant's] excuse" for the delay in relation to the potential prejudice to their adversary; when the litigant has a "very poor reason" for the delay, that weighs in support of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). Here, Appellant provided no reason at all for her delay.

Additionally, the Court does not find less drastic sanctions realistic: Appellant unreasonably and inexplicably failed to timely file the necessary documents to pursue this appeal and provides no reason to believe she will do so in the future. Only the public policy favoring disposition on the merits factor weighs against dismissal. *See Pagtalun*, 219 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal"). In sum, four of the five relevant factors weigh in favor of dismissing this appeal in its entirety, which is sufficient. *See id.*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

## CONCLUSION

For the reasons above, the Court **DISMISSES** this appeal with prejudice.

IT IS SO ORDERED.

Dated:   **April 29, 2025**

*[signature]*
UNITED STATES DISTRICT JUDGE