1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **EASTERN DISTRICT OF CALIFORNIA**

10

11   SYLVIA NICOLE,                              No. 1:24-cv-00562-JLT
                                                 BAP No. EC-24-1032
12                    Appellant,                 Bk. No. 21-10679
                                                 Adv. No. 21-01015
13          v.
                                                 ORDER DENYING MOTION TO REOPEN
14   T2M INVESTMENTS, LLC,
                                                 (Doc. 24.)
15                    Appellee.

16

17

18   **I**.      **INTRODUCTION**

19          In this matter, Sylvia Nicole appealed a decision entered by the U.S. Bankruptcy Court for

20   the Eastern District of California in Case No. 21-10679 - Adversary Case No. 21-01015-A. The

21   appeal, initiated May 10, 2024 (*see* Doc. 1), was dismissed for failure to prosecute on April 29,

22   2025. (Docs. 22, 23.) Before the Court for decision is Ms. Nicole's motion to reopen this case,

23   (Doc. 24), which appellee opposes. (Doc. 26.) The Court finds the matter suitable for decision on

24   the papers without oral argument pursuant to Local Rule 230(g) and **DENIES** the motion to

25   reopen.

26   **II.**    **PROCEDURAL HISTORY**

27          Prior to noticing this appeal, Ms. Nicole filed a motion to appoint counsel in the

28   underlying adversary proceeding, which the Bankruptcy Court transferred to the undersigned for

                                                  1

1    resolution because it is unclear whether the Bankruptcy Court has authority to address such a

2    motion. (Doc. 3.) That motion to appoint counsel was denied (Doc. 5), as was a similar,

3    subsequent motion. (Doc. 10.) A third motion to appoint counsel was denied on March 11, 2025.

4    (Doc. 20.)

5          It appears that Ms. Nicole took certain steps in June 2024 to satisfy the prerequisites for

6    the Bankruptcy Court to certify the record for this appeal, filing a designation of record and

7    statement of issues in the docket of the adversary case on appeal. (*See* E.D. Cal. Bankruptcy Case

8    No. 21-01015, Doc. Nos. 602, 604, 607.) However, as the opening letter in this appeal indicates,

9    she must also "file a notice regarding the ordering of transcripts with the bankruptcy court" (*see*

10   Doc. 2), which may be satisfied by filing a copy of a written order requesting transcripts from the

11   reporter or "a certificate stating that the appellant is not ordering a transcript." *See* Fed. R. Bank.

12   Pro. 8009(b).

13         On April 4, 2025, the Court ordered Ms. Nicole to address any deficiencies in her

14   compliance with Bankruptcy Rule 8009 within 14 days "by making appropriate filings <u>on the</u>

15   <u>bankruptcy adversary case docket</u>." (Doc. 21 at 2 (emphasis in original).) Ms. Nicole was also

16   ordered to "file a brief statement within 14 days <u>in this case</u> indicating that she has made

17   appropriate filings with the bankruptcy court **OR** explain in writing why she cannot do so." (*Id*.)

18   Ms. Nicole was warned that failure to comply with or respond to this order in a timely manner

19   may result in dismissal of this case for failure to prosecute. (*Id*.) On April 29, 2025, more than

20   three weeks later, the Court dismissed this case for failure to prosecute. (Doc. 22.) The Clerk of

21   Court entered judgment that same day, (Doc. 23), and both the Court's order and the judgment

22   were immediately served on Ms. Nicole at her address of record. (*See* Docket.)

23   **III.    MOTION FOR RECONSIDERATION**

24         Ms. Nicole seeks to "reopen" this matter well over sixty days after the Court entered

25   judgment against her. (*Compare* Doc. 22 *with* Doc. 24.) Thus, the Court construes this motion as

26   one brought pursuant to Federal Rule of Civil Procedure 60(b)[1] which provides relief from a final

27

28   [1] Ms. Nicole cites *People v. Ribero*, 4 Cal. 3d 55, 65 (1971), which articulates a standard by which California
     appellate courts may grant relief from default. That rule is inapplicable in this context.

1    judgment, order, or proceeding for the following reasons:

2        (1) mistake, inadvertence, surprise, or excusable neglect;

3        (2) newly discovered evidence that, with reasonable diligence,
         could not have been discovered in time to move for a new trial
4        under Rule 59(b);

5        (3) the judgment is void;

6        (4) the judgment has been satisfied, released, or discharged; it is
         based on an earlier judgment that has been reversed or vacated; or
7        applying it prospectively is no longer equitable; or

8        (5) any other reason that justifies relief.

9    Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be brought within a reasonable time. And,

10   for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the

11   date of the proceeding. A Rule 60(b) motion lies with the discretion of the court. *Combs v. Nick*

12   *Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. Aug. 4, 1987); *Rodgers v. Watt*, 722 F.2d 456, 460

13   (9th Cir. 1983) (en banc), *reversed in part on other grounds, In re Alexander*, 197 F.3d 421, 426

14   (9th Cir. 1999). Relief under Rule 60(b) is limited and granted sparingly in extraordinary

15   circumstances. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017).

16   To succeed on a Rule 60(b) motion, "a party must set forth facts or law of a strongly convincing

17   nature to induce the court to reverse its prior decision." *De Young v. On Habeas Corpus*, 2013

18   WL 1876120, at *2 (E.D. Cal. May 3, 2013) (citing *Kern-Tulare Water Dist. v. City of*

19   *Bakersfield*, 634 F. Supp. 656, 655 (E.D. Cal. Mar. 31, 1986), *affirmed in part and reversed in*

20   *part on other grounds*, 828 F.3d 514 (9th Cir. 1987)).

21       Ms. Nicole suggests that she "did not receive any mail for this case since this court issued

22   the order denying the Application for Appointment of Counsel." (Doc. 24 at 1.) She also claims

23   that she "contacted the clerk" more than once about "the schedule for brief filings" and was told

24   "there was no order." (*Id*.) As a result, "Appellant did not know about the order to file [an]

25   opening brief" so "did not file anything with the court." (*Id*.) Though she does not cite Rule 60 at

26   all, the Court construes this argument as one brought under Rule 60(b)(1) based on excusable

27   neglect.

28       Excusable neglect "encompasses both simple, faultless omissions to act and, more

1  commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507

2  U.S. 380, 388 (1993). The determination as to whether neglect is excusable "is at bottom an

3  equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.*

4  at 395. A proper analysis includes consideration of four factors: (1) the danger of prejudice, (2)

5  the length of the delay and its potential impact on judicial proceedings, (3) the reason for the

6  delay including whether it was within movant's reasonable control, and (4) whether movant acted

7  in good faith. *Id.* Rule 60(b)(1) does not excuse ignorance, carelessness, or inexcusable neglect

8  for mistakes of law. *See Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1100-01 (9th

9  Cir. 2006).

10       All these factors weigh against setting aside the judgment in this case. The Court

11  evaluated many of these issues in a related context in its dismissal order, reasoning as follows:

> This appeal was filed May 10, 2024. (Doc. 1.) The opening letter was issued on May 13, 2024, which contained information about how to perfect the appeal. (Doc. 2.) On October 2, 2024, the Court issued an order to show cause addressing Appellant's failure to designate the record on appeal. (Doc. 12.) Appellant responded to that order on December 23, 2024, explaining that she had not been receiving her mail and misunderstood certain aspects of the relevant procedures. (Doc. 15.) On January 16, 2025, the Court discharged the October 2, 2024, order to show cause. (Doc. 18.) Thereafter, Appellant filed her third request for the Court to appoint counsel. (Doc. 19), which the Court denied on March 11, 2025. (Doc. 20.) Apart from filing that <u>third</u> request for Counsel, Appellant has taken no substantive steps to prosecute this appeal in 2025. As mentioned, the Court ordered Appellant to take the final steps necessary to perfect her appeal by filing a notice regarding the ordering of transcripts by April 18, 2025. (Doc. 21.) Appellant failed to respond.
>
> Non-compliance with procedural rules and court orders wastes "valuable time that [the Court] could have devoted to other . . . criminal and civil cases on its docket." *Ferdik*, 963 F.2d at 1261. Under these circumstances, the first two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—both of which relate to the "efficient administration of judicial business for the benefit of all litigants with cases pending" *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279 (9th Cir. 1980), weigh in favor of dismissal.
>
> Appellant's unexplained delay has also prejudiced Appellees, as it impedes their ability to recover in the underlying bankruptcy case because of the pendency of the appeal. *See Sw. Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay

4

is the foundation upon which a court may presume prejudice."). While "the pendency of the [appeal] is not sufficiently prejudicial by itself to warrant dismissal," a court should evaluate the "strength of [a litigant's] excuse" for the delay in relation to the potential prejudice to their adversary; when the litigant has a "very poor reason" for the delay, that weighs in support of dismissal. *Yourish v. California Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999). Here, Appellant provided no reason at all for her delay.

Additionally, the Court does not find less drastic sanctions realistic: Appellant unreasonably and inexplicably failed to timely file the necessary documents to pursue this appeal and provides no reason to believe she will do so in the future. Only the public policy favoring disposition on the merits factor weighs against dismissal. *See Pagtalun*, 219 F.3d at 643 ("Public policy favors disposition of cases on the merits. Thus, this factor weighs against dismissal"). In sum, four of the five relevant factors weigh in favor of dismissing this appeal in its entirety, which is sufficient. *See id.*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

(Doc. 22 at 3–4.)

As that order explains, the delays in this case have been significant, with the latest delay between dismissal and the motion to reopen adding to the overall pattern. On balance, these delays have unfairly prejudiced Appellee. Moreover, though Ms. Nicole attempts to explain why she did not respond to the Court's order to show cause, she once again has failed to explain why she has not complied with her other procedural obligations in this case. Her inquiry to the "clerk"[2] about "the schedule for brief filings" confirms at least some familiarity with the bankruptcy process – or at least with this Court's Opening Letter issued in this matter. (Doc. 2.) That letter plainly explains that it is Ms. Nicole's responsibility to "file within 14 days a designation of record, statement of issues on appeal and a notice regarding the ordering of transcripts with the bankruptcy court." (Doc. 2.) In her motion to re-open, Ms. Nicole acknowledges that she eventually was made aware of the dismissal order in this case and presumably received a copy of that order but makes no effort to explain why she failed to perfect the record, which is a pre-requisite to the Court issuing any briefing schedule. Therefore, the delays in this case are entirely of Ms. Nicole's making, and her latest excuse, even if credited, fails to address the underlying cause of this case's stagnation. In short, Ms. Nicole has pointed to no facts that merit reconsideration of this Court's dismissal order.

[2] Ms. Nicole does not specify whether she communicated with the district court Clerk or the bankruptcy court Clerk.

5

1

**CONCLUSION**

2          For the reasons above, the motion to reopen, construed as a motion for reconsideration

3   pursuant to Federal Rule of Civil Procedure 60(b), (Doc. 24), is **DENIED**. This case shall remain

4   **CLOSED**.

5

6   IT IS SO ORDERED.

7       Dated:    **August 10, 2025**                                    _Jennifer L. Thurston_
                                                                  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6